[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10308

_____

KENNETH CAREY,
STEVE ANYADIKE,

                              Plaintiffs-Counter Defendants-Appellants,

*versus*

JONATHAN KIRK,
Individually, a.k.a. DaBaby,

                              Defendant-Counter Claimant-Appellee,

KHALIK CALDWELL,
a.k.a. Stunna 4 Vegas, et al.,

                              Defendants,

BILLION DOLLAR BABY ENTERTAINMENT, LLC,
a North Carolina Corporation,
UNIVERSAL MUSIC GROUP, INC.,
a Colorado Corporation,
INTERSCOPE RECORDS,
a Colorado Corporation,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20408-JEM

————————————

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Kenneth Carey and Steve Anyadike appeal the district court's[1] summary judgment rulings and final judgment in favor of Defendants-Appellees Jonathan Kirk, Billion Dollar Baby Entertainment, LLC (BDBE), Universal Music Group, Inc.

---

[1] The trial for this case was scheduled before District Judge Jose E. Martinez. All discovery and related motions were referred to Magistrate Judge Jacqueline Becerra. These lower court decisions are collectively referred to as the district court.

(UMGI), and Interscope Records.  Plaintiffs timely filed a notice of appeal and raised the following issues:

I.      Whether the district court erred in granting UMGI's and Interscope Records' motions to dismiss for lack of personal jurisdiction and insufficient service of process.

II.     Whether the district court abused its discretion in ruling on Plaintiffs' discovery-related motions and denying Plaintiffs' requests to supplement the record with new evidence after the close of discovery and summary judgment briefing.

III.    Whether the district court erred in its partial granting of Kirk's and BDBE's motion for summary judgment.

IV.     Whether the district court erred in its evidentiary rulings concerning the admissibility of video evidence, an arrest report, and arrest warrant.

After thorough review and consideration of the briefs and record, and with the benefit of oral argument, we find no reversible error.

Beginning with the first issue, we find that the district court properly dismissed both UMGI and Interscope Records.  The district court found that it lacked specific jurisdiction over UMGI because Plaintiffs failed to make sufficient allegations according to Florida Statute § 48.193(1)(a)(1).  *See Snow v. DirecTV, Inc.*, 450 F.3d

4                    Opinion of the Court                    23-10308

1314, 1317–18 (11th Cir. 2006). Meanwhile, the district court found strong and convincing evidence of insufficient service of process with regards to Interscope Records. Fed. R. Civ. P. 12(b)(5).

Nor do we find reversible error in reviewing the district court's discovery-related rulings.[2] District courts retain "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). The district court provided numerous reasons in support of its rulings, including that Plaintiffs failed to comply with local rules and abide by discovery deadlines and rules. Considering the record, we find the district court clearly did not abuse its discretion.

As to Kirk's and BDBE's motions for summary judgment, a de novo review supports affirming the district court. *See Seamon v. Remington Arms Co.*, 813 F.3d 983, 987 (11th Cir. 2016). Plaintiffs took a kitchen sink approach, throwing every possible allegation at Kirk and BDBE, and cited little case law in doing so. We thus affirm the district court here as well.

Finally, the district court did not abuse its discretion in its evidentiary rulings. *See Wright v. CSX Transp., Inc.*, 375 F.3d 1252, 1260 (11th Cir. 2004) (per curiam). A review of the record shows

---

[2] Within this issue, Plaintiffs challenge the denial of deposition requests. We find the district court's courts rulings appropriate here as the identified persons were not parties to this suit. Additionally, Plaintiffs did not establish, nor does the record support finding, that the desired testimony would have proven relevant to this dispute.

23-10308              Opinion of the Court                    5

that the district court provided a fair and proper reason in making each of its rulings.

Accordingly, we affirm the well-reasoned decisions of the district court.

**AFFIRMED.**[3]

---

[3] Sanctions pursuant to 28 U.S.C. § 1927 may be granted where counsel engages in "unreasonable and vexatious conduct." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). The conduct must be "so egregious that is it tantamount to bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quotation omitted). Here, while we do not condone the quality of the briefing provided by Plaintiffs' counsel, we decline to find that this case warrants sanctions on appeal. Thus, we **DENY** Kirk's and BDBE's motion for sanctions.